IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JEFFREY MCDOUGAL,**

**Plaintiff,**

**vs.**                                                                 **Case No. 1:08-CV-173**

**G&S TOBACCO DEALERS, LLC, d/b/a**
**HIGH LIFE LOUNGE; CYNTHIA**
**("CINDY") WOODWARD, an individual,**

**Defendants and Third-Party Plaintiffs.**

**vs.**

**SAMUEL OLIVERIO, an individual;**
**CHERYL JEAN OLIVERIO, an individual,**

**Third-Party Defendants.**

### DEFENDANTS' PARTIAL THIRD-PARTY COMPLAINT

Now comes Defendants and Third-Party Plaintiffs, G&S Tobacco Dealers, LLC, d/b/a High Life Lounge ("G&S") and Cindy Woodward incorrectly designated Cynthia Woodward ("Woodward") (collectively "Defendants/Third-Party Plaintiffs), by counsel, and for their Partial Third-Party Complaint against Samuel Oliverio ("Oliverio") and Cheryl Jean Oliverio ("Mrs. Oliverio") (collectively the "Oliverios") for those claims related to those portions of plaintiff's Complaint not addressed in their pending Defendants' Motion to Partially Dismiss Complaint For Failure to State a Claim Upon Which Relief Can Be Granted state the following:

1.     Plaintiff Jeffrey McDougal has filed a complaint against Defendants/Third-Party Plaintiffs, a copy of which is attached as Exhibit 1.

2. In said complaint, Plaintiff alleges that these Defendants/Third-Party Plaintiffs are liable to plaintiff for damages for alleged violations of the Fair Labor Standards Act and other related state causes of action. These Defendants/Third-Party Plaintiffs have filed Defendants' Motion to Partially Dismiss Complaint For Failure to State a Claim Upon Which Relief Can Be Granted and a partial answer.

### COUNT I—CONTRACTUAL INDEMNIFICATION AND/OR CONTRIBUTION

3. These Defendants/Third-Party Plaintiffs reassert the allegations in paragraphs 1 and 2 as if fully set forth herein.

4. On or about July 17, 2007, Block & Barrel, Inc., a West Virginia corporation in which Woodward is sole shareholder, acquired a majority ownership interest in G&S from Oliverio by a Purchase Agreement. *See* Exhibit 2.

5. Within said Purchase Agreement, Paragraph 5.5(A) warrants that G&S and the Oliverios "have complied with all applicable laws, rules, regulations and ordinances of any governmental agency or body with respect to the conduct of their business."

6. Within said Purchase Agreement, Paragraph 8.2 provides these Defendants/Third-Party Plaintiffs each a right to be indemnified, held harmless, and defended by the Oliverios for any breach of any warranty or any inaccurate or erroneous representation contained within said Purchase Agreement including, without limitation, the payment of reasonable attorney fees, expenses, judgments and/or settlements. To wit:

> Sellers shall save, defend and indemnify Buyer, its officers, directors, shareholders, agents and representatives (collectively "Buyer") against, and hold Buyer harmless from, any and all liabilities, of every kind nature and description, fixed or contingent (including, without limitation, reasonable counsel fees and expenses in connection with any action, claim or proceeding relating to such liabilities) . . . [arising from] Sellers' breach of any warranty or by any inaccurate or erroneous representation of Sellers contained herein (collectively "Damages"),

and Buyer shall have the right to defend against any such claim itself with Sellers indemnifying Buyer for any and all costs incurred, including attorney's fees, and any judgment obtained against Buyer or any settlement thereof, or Buyer may require Sellers to defend against any such claim at Sellers' sole expense, with counsel acceptable to Buyer, and to pay any judgment or settlement resulting therefrom.

7.    Plaintiff's claims in the above captioned civil action, if true, would be a violation of various provisions of said Purchase Agreement including, without limitation, Paragraphs 5.5(A) and 8.2.  Woodward's status at certain times herein included but was not limited to that of a shareholder, representative and agent of G&S.  Consequently, these Defendants/Third-Party Plaintiffs each have a right to be indemnified, held harmless, and defended by the Oliverios including, without limitation, any reduction in value of G&S as a going concern and the payment of reasonable attorney fees, expenses, judgments and/or settlements.

8.    Prior to filing this Complaint, these Defendants/Third-Party Plaintiffs notified the Oliverios in writing of the above captioned civil action and of their intent to seek indemnification and defense under said Purchase Agreement.

9.    As a result of McDougal's attempts to recover damages against these Defendants/Third-Party plaintiffs, these Defendants/Third-Party Plaintiffs have incurred and will continue to incur litigation costs, expenses, attorneys' fees and other potential losses and/or damages in defending the instant civil action and in pursuing this Partial Third-Party Complaint.

10.    West Virginia law requires that parties, such as these Defendants/Third-Party Plaintiffs, which seek to enforce their rights to indemnification and contribution against another person responsible or jointly-responsible must do so by way of cross-claim or third-party

claim in litigation in order to preserve their legal entitlement to such claim. Howell v. Luckey, 518 S.E.2d 873 (W.Va. 1999).

### COUNT II—BREACH OF COMMON LAW AND/OR STATUTORY DUTIES

11.     These Defendants/Third-Party Plaintiffs reassert the allegations in paragraphs 1 through 10 as if fully set forth herein.

12.     Prior to on or about July 20, 2007, Oliverio was the sole manager of G&S. *See* Exhibits 2 & 3.

13.     Plaintiff has alleged that violations of the Fair Labor Standards Act occurred during the time period that Oliverio was the sole manager of G&S.

14.     Plaintiff's claims in the above captioned civil action, if true, would be a violation of Oliverio's common law and statutory duties to G&S as manager of a limited liability company including, without limitation, the duties of care and loyalty.

15.     As a result of the Plaintiff's attempts to recover damages against the G&S, G&S has incurred and will continue to incur litigation costs, expenses, attorneys' fees and other potential losses and/or damages in defending the instant civil action and in pursuing this Partial Third-Party Complaint.

### COUNT III—COMMON LAW INDEMNITY AND/OR CONTRIBUTION

16.     These Defendants/Third-Party Plaintiffs reassert the allegations in paragraphs 1 through 15 as if fully set forth herein.

17.     As a result of the Plaintiff's attempts to recover damages against these Defendants/Third-Party Plaintiffs, these Defendants/Third-Party Plaintiffs have incurred and will continue to incur litigation costs, expenses, attorneys' fees and other potential losses and/or damages in defending the instant civil action and in pursuing this Third-Party Complaint.

18.    Due to the Plaintiff's claims in the above captioned civil action relating to a time period during which Oliverio was manager of G&S, these Defendants/Third-Party Plaintiffs are entitled to common law contribution and indemnification from Oliverio for litigation costs, expenses, attorneys' fees and other potential losses and/or damages in defending the instant civil action and in pursuing this Third-Party Complaint.

19.    West Virginia law requires that parties, such as these Defendants/Third-Party Plaintiffs, which seek to enforce their rights to indemnification and contribution against another person responsible or jointly-responsible must do so by way of cross-claim or third-party claim in litigation in order to preserve their legal entitlement to such claim. *Howell v. Luckey*, 518 S.E.2d 873 (W.Va. 1999).

20.    Defendants' Motion to Partially Dismiss Complaint For Failure to State a Claim Upon Which Relief Can Be Granted is currently pending before this Court.  These defendants reserve the right to amend this Partial Third-Party Complaint to address any claims which may arise from paragraphs 47 through 68 of the Complaint and any other portion of the Complaint not addressed in the Partial Answer, if necessary, following this Court's resolution of the pending Defendants' Motion to Partially Dismiss Complaint For Failure to State a Claim Upon Which Relief Can Be Granted.

Wherefore G&S and Woodward hereby demand judgment over and against the Oliverios:

(a)    For contractual indemnity and/or contribution;

(b)    For breach of common law and/or statutory duties;

(c)    For common law indemnity and/or contribution;

(d)     For declaratory judgment requiring the Oliverios to pay any and all damages, losses, costs, expenses and attorneys' fees, if any, G&S and/or Woodward may sustain or incur arising out of all claims and judgments made or obtained against these Defendants/Third-Party Plaintiffs by the Plaintiff;

(e)     For declaratory judgment requiring the Oliverios to hold these Defendants/Third-Party Plaintiffs harmless, indemnify and pay these Defendants/Third-Party Plaintiffs their attorneys fees, costs and expenses necessitated by the defense and prosecution of this civil action plus interest allowed by law;

(f)     For declaratory judgment that the Oliverios are in breach of the warranties contained within the Purchase Agreement; and

(g)     To provide these Defendants/Third-Party Plaintiffs such other and further relief as this Court deems appropriate.

Respectfully submitted this 2nd day of December 2008.

**G&S TOBACCO DEALERS, LLC, d/b/a**
**HIGH LIFE LOUNGE and**
**CINDY WOODWARD**
**By counsel**

**ROBINSON & MCELWEE PLLC**

**/s/Richard W. Gallagher**
Joseph M. Price
(W. Va. State Bar I.D.:  2981)
Richard W. Gallagher
(W. Va. State Bar I.D.:  1327)
E. Ryan Kennedy
(W. Va. State Bar I.D.:  10154)
Attorneys for Defendants

Post Office Box 128
140 West Main Street, Suite 300
Clarksburg, WV  26302-0128
(304) 622-5022