# "Exhibit 1"

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

**FILED**
**AUG 2 8 2008**
**U.S. DISTRICT COURT**
**CLARKSBURG, WV 26301**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

JEFFERY MCDOUGAL

**DEFENDANTS**

G & S TOBACCO DEALERS, LLC, d/b/a HIGH LIFE LOUNGE; CYNTHIA ("CINDY") WOODWARD, an individual

**(b)** County of Residence of First Listed Plaintiff **HARRISON**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **HARRISON**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

THOMAS G. DYER, P.O. BOX 1332, CLARKSBURG, WV 26301 (304) 622-1635; MICHELLE PRICE MASSINGALE, 301 SOUTH

Attorneys (If Known)

RICHARD GALLAGHER, P.O. BOX 128, CLARKSBURG, WV 26301

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 201 et seq

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE **8-28-08**

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AUG 28 2008

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

JEFFREY McDOUGAL,

      Plaintiff,

v.

G&S TOBACCO DEALERS, LLC, d/b/a
HIGH LIFE LOUNGE; CYNTHIA
("CINDY") WOODWARD, an
individual,
Defendants

)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 1:08-CV- *173*

## COMPLAINT

Plaintiff Jeffrey McDougal brings this lawsuit against Defendant G & S Tobacco Dealers, LLC d/b/a High Life Lounge, seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Jeffrey McDougal is a citizen and resident of Harrison County, West Virginia.

4. Upon information and belief, Defendant G&S TOBACCO DEALERS, LLC, d/b/a HIGH LIFE LOUNGE is a corporation organized in the State of West Virginia maintaining a principal place of business in Bridgeport, Harrison County, West Virginia.

5. Defendant Cynthia ("Cindy") Woodward is a citizen and resident of Bridgeport, Harrison County, West Virginia.

## FACTS

6.      Defendants own and operate video poker parlors in Clarksburg, Stonewood, Mt. Clare, Bridgeport, Fairmont, Mannington, Weston, Kingwood, Morgantown, Westover, Star City, Elkins and Buckhannon.

7.      Plaintiff Jeffrey McDougal currently works for Defendants G&S Tobacco Dealers, LLC and Cynthia Woodward at the Stonewood location, physical address of 601 Water Street, Stonewood, West Virginia. Plaintiff McDougal was employed by Defendants in or about November 2004 and he has been employed as a Manager at the Stonewood location from August 2006 to present.

8.      Defendant operates all of its video poker parlors pursuant to uniform and companywide policies and practices implemented and enforced by Defendant Cynthia Woodward at Defendants' principal place of business in Bridgeport, West Virginia.

9.      Within each parlor, Defendant employs at least one worker who is paid a fixed salary and holds the job title of Manager.

10.     Pursuant to Defendants' uniform and companywide policies and practices, which existed for more than three years prior to the filing of this complaint and continue to exist to this date, the primary duty of Plaintiff and other Managers is *not* the management of their video poker parlor location or any department or subdivision thereof. Rather, the primary duty of Plaintiff and other Managers is to perform the same non-managerial tasks. These tasks include, for example, cleaning machines, cleaning ashtrays, bottles cans and disposables around the machines, cleaning restrooms, wait services, cooking, janitorial duties, concessions, monetary transactions with customers, assisting customers, deposits of video poker machine income, receiving and handling numerous phone calls at home throughout the day and night from

other employees who have questions or concerns, and completing basic paperwork. Plaintiff and other Managers spend all of their time performing these types of tasks

11. Pursuant to Defendants' uniform and companywide policies and practices, the Managers do not customarily and regularly direct the work of two or more full-time employees or their equivalent in any given week.

12. Pursuant to Defendants' uniform and companywide policies and practices existing for at least three (3) years prior to the filing of this Complaint, Plaintiffs and other Managers were required to regularly work between 50 to 75 hours per week for a salaried amount without overtime compensation.

13. Pursuant to Defendants' uniform and companywide policies and practices, existing for at least three (3) years prior to the filing of this Complaint, Plaintiff and other Managers do not receive any overtime compensation for time worked over 40 hours in a workweek in spite of working between 10 and 35 hours a week over the required 40 hours and the primary duty of those Managers was spent performing non-managerial job duties.

14. In spite of the clear and unambiguous language requiring otherwise, said Defendants have maintained a policy of requiring "managerial" employees to work "off the clock".

15. Defendants have maintained a policy in its parlors that prohibits the manager from keeping track of hours worked in excess of 45 hours per week.

16. Approximately three times per week, Plaintiff has been required to travel to the Stonewood location at different hours in the middle of the night to unlock the machines. Plaintiff has not been compensated for his time or mileage spent during those trips, which last an average of one hour, including travel time.

17. Defendants have also maintained a policy of requiring Plaintiff to make bank deposits on a daily basis with no reimbursement or other compensation for the time and mileage incurred during those trips.

18. Defendants have maintained a policy and practice of requiring Plaintiff to travel to the Stonewood location and be on call any time of day or night to unlock the machines at the Stonewood location.

19. By failing to pay Plaintiff Managers any compensation for hours worked over 40 in a workweek, Defendants has acted willfully and with reckless disregard of clearly applicable FLSA and West Virginia Wage Payment and Collection Act provisions.

20. Upon information and belief, Defendant Woodward is the President of Defendant High Life.

21. Upon information and belief, Defendant Woodward hires and directs the work of Plaintiff and other managers.

22. At all times relevant, Defendant Woodward was in control and made the decisions regarding whether to pay Plaintiff and other Managers overtime in accordance with the FLSA and whether Plaintiff would be compensated for the travel time and mileage incurred in making the bank deposits.

23. By failing to pay Plaintiffs and other Managers any compensation for hours worked over 40 in a workweek, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA Moreover, Defendants have caused Plaintiff to suffer significant monetary damages.

## COUNT I
### (Alleging Violations of the FLSA)

24. All previous paragraphs are incorporated as though fully set forth herein.

25. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

26. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

27. Plaintiff is a covered employee entitled to the FLSA's protections.

28. Plaintiff is not exempt from receiving FLSA overtime benefits because, *inter alia*, they are not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0 *et seq.*

29. That at all times material to this action, Defendants are an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

30. That at all times relevant to this action, Defendant High Life and Defendant Woodward were "employers" of the Plaintiff as defined by §203(d) of the FLSA.

31. That at all times relevant to this action, the Plaintiff has been an "employee" of the Defendants as defined by § 203(e)(1) of the FLSA, and worked for the Defendants within the territory of the United States within (3) three years preceding the filing of this lawsuit.

32. Defendants violated the FLSA by failing to pay Plaintiffs and other members of the Class any compensation for time spent working in excess of 40 hours during the workweek.

33. That the systems, practices and duties of the Defendants have existed for at least three (3) years throughout the Defendants' business.

34. That for at least three (3) years, the Defendants have been aware of the requirements of the FLSA and its corresponding regulations necessary to provide Managers with overtime compensation.

35. In spite of this knowledge, the Defendants have failed to pay their employees the mandatory lawful overtime compensation to conform the duties of these employees to the requirements of the FLSA.

36. The Defendants have intentionally and repeatedly misrepresented the true status of the managerial compensation to its employees as well as their entitlement to managerial overtime compensation in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them.

37. The Plaintiff relied upon these misrepresentations by Defendants and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

38. That as a result of the actions of Defendants in fraudulently concealing the true status of its Managers under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for as long as Defendants engaged or engage in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years.

39. The Defendants are estopped from raising such statute of limitations as a bar.

40. That Defendants have engaged in the widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with § 207 of the FLSA.

41. Defendants have not made a good faith effort to comply with the FLSA.

42. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with §207 of the FLSA.

43. In addition to the amount of unpaid wages and benefits owing to the Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) as well as prejudgment interest.

44. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

45. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

46. As a result of the Defendants' actions, Plaintiff has suffered significant monetary damages.

## COUNT II
### (Failure to Pay Wages –West Virginia Wage Payment and Collection Act)

47. All previous paragraphs are incorporated as though fully set forth herein.

48. West Virginia Code §21-5-1(c) defines "Wages" to include the following:

> Compensation for labor or services rendered by an employee, whether the amount is determined n a time, task, piece, commission or other basis of calculation. As used in sections four, five, eight-a, then and twelve of this article, the term "wages" shall also include then accrued fringe benefits capable of calculation and payable directly to an employee.

49. The term "fringe benefits" means "any benefit provided an employee or group of employees by an employer, or which is required by law . . ." W.Va. Code §21-5-1(l).

50. Mileage and other expenses incurred by Plaintiff constitute "wages" as defined by W.Va. Code §21-5-1(c).

51. West Virginia Code §21-5-1(m) defines the term "employer" as "any person, firm or corporation employing any employee." Subsection (b) defines an "employee" to include "any

Case 1:08-cv-00173-IMK Document 1 Filed 08/28/2008 Page 8 of 10

person suffered or permitted to work by a person, firm or corporation."

52. Defendants are "employers" within the meaning of W.Va. Code §21-5-1(m) and Plaintiff is an "employee" within the meaning of W.Va. Code §21-5-1(b).

53. Defendants have a pattern and practice of failing to reimburse Plaintiff and its Managers for mileage and other out-of-pocket expenses incurred on behalf of the Defendants, which constitute "wages" under the Act.

54. During the time Plaintiff has worked for Defendants, Defendants have failed and refused to pay Plaintiff wages due under the Act, Defendants have been aware of the requirements of the West Virginia Wage Payment and Collection Act and its corresponding regulations necessary to provide Managers with compensation due under its provisions.

55. Plaintiff has been damaged as a result of Defendants' actions.

## COUNT III
### (Negligence/Wantonness)

56. All previous paragraphs are incorporated as though fully set forth herein.

57. Defendants negligently and/or wantonly failed to supervise its managers and supervisors so as to ensure compliance with federal and state laws with respect to overtime.

58. Defendants negligently and/or wantonly failed to adopt, implement or enforce employment and/or workplace policies or procedures so as to ensure compliance with federal and state law.

59. Defendants negligently and/or wantonly have attempted to retaliate or prevent their employees from availing themselves of their rights under the law.

60. As a result of Defendants' actions, Plaintiff has suffered significant monetary damages.

Case 1:08-cv-00173-IMK Document 1 Filed 08/28/2008 Page 9 of 10

## COUNT IV
### (Unjust Enrichment)

61.    All previous paragraphs are incorporated as though fully set forth herein.

62.    Pursuant to Defendants' policies and procedures, Defendants do not reimburse its managers and employees for mileage and other out-of-pocket expenses incurred on behalf of the Defendants.

63.    Specifically, Defendants' policy and practice is to not reimburse Plaintiff for mileage incurred when making the daily deposits or other travel on behalf of Defendants.

64.    Plaintiff is required to make the daily deposits and required to travel to the Stonewood location at any time to unlock the machines.

65.    Defendants have benefited from the travel by the Plaintiff, which travel was not compensated.

66.    The Plaintiff does not and did not make the daily deposits and travel with the intention of conferring a gratuitous benefit to the Defendant.

67.    As a result of Defendant's policy and practice to not reimburse mileage for travel by Plaintiff who is required to make daily bank deposits and travel to the Stonewood location when called upon, Defendants have been unjustly enriched to the detriment of Plaintiff.

68.    Plaintiff has been damaged as a result of the Defendants' actions.

### JURY TRIAL DEMANDED

Plaintiffs demand a jury trial as to all claims so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief:

A.    An injunction prohibiting Defendants from engaging in future violations

Case 1:08-cv-00173-JSK  Document 19-1  Filed 12/02/08  Page 12 of 12  PageID #:
Case 1:08-cv-00173-IMK  Document 1  Filed 08/28/2008  Page 10 of 10
101

of the FLSA;

B.    An order holding Defendants jointly and severally liable for back pay damages to the fullest extent permitted under federal and state law;

C.    An order holding Defendants jointly and severally liable for liquidated damages and penalties to the fullest extent permitted under federal and state law;

D.    An order holding Defendants jointly and severally liable for compensatory damages resulting from Defendants' negligent conduct;

E.    An award of punitive damages against Defendants, jointly and severally, for Defendants' use of its disparate bargaining power and coercive conduct in willfully and intentionally failing and refusing to reimburse Plaintiff mileage and other expenses incurred on Defendants' behalf;

F.    An order holding Defendants jointly and severally liable for litigation costs, expenses, and attorneys' fees to the fullest extent permitted under federal and state law: and

G.    Such other and further relief as this Court deems just and proper.

Dated this 28th day of August, 2008

_____
Thomas G. Dyer (WV Bar #4579)
Dyer Law Offices
P.O. Box 1332
349 Washington Avenue
Clarksburg, WV 26301
(304) 622-1635

_____
Michelle Price Massingale (WV Bar #6652)
Sellers, Hinshaw, Ayers, Dortch & Lyons, P. A.
410 Cameron-Brown Building
301 South McDowell Street
Charlotte, North Carolina 28204-2686
(704) 377-5050