IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEFFREY McDOUGAL,

Plaintiff,

vs.                                           CIVIL ACTION NO. 1:08CV173

G & S TOBACCO DEALERS, L.L.C. d/b/a
HIGH LIFE LOUNGE; CYNTHIA ("CINDY")
WOODWARD, an individual,

Defendants.

## MEMORANDUM OPINION AND ORDER

On April 30, 2010, this Court entered a Memorandum Opinion and Order deciding certain aspects of the Parties' cross motions for summary judgment [DE 82 and 83] and deciding the motion to strike [DE 88]. On May 14, 2010 Defendants G&S Tobacco Dealers, LLC and Cindy Woodward [Woodward] filed their Motion For Additional Findings And/Or Clarification And Supplemental Evidence Regarding Attorneys' Fees, Costs And Pre-Closing Indemnification [DE 97]. On June 4, 2010, Third Party Defendants Samuel Oliverio and Cheryl Jean Oliverio [Oliverio] filed their Response To G&S/Woodward's Motion For Additional Findings And/Or Clarification And Supplemental Evidence Regarding Attorneys' Fees, Costs And Pre-Closing Indemnification [DE 100]. On June 11, 2010 the Woodward defendants filed their Reply. [DE 101].

Pursuant to F.R.Civ.P. 52(b) and 54(d) Woodward asserts the Court should "amend its findings — or make additions findings – and may amend the judgment accordingly" in essence contending that, under Woodward's interpretation of the Court's April 30, 2010 Memorandum Opinion and Order: 1) Oliverios had to indemnify Woodward for any judgments entered or settlements paid by Woodward and 2) Oliverios had a duty to reimburse Woodward for all thier

attorneys' fees and costs in this case. [DE 97, p.3]. Oliverios, in essence, contend that Woodward is seeking relief to which it is not entitled but joins in the request for further clarification of the Courts' April 30, 2010 Memorandum Opinion and Order. [DE 100, p. 2].

To the extent clarification of this Court's April 30, 2010 Memorandum Opinion and Order is sought, the issues are not complex; does not require the taking of evidence, and does not require argument apart from that provided by the written memorandums of the parties.

This Court's April 30, 2010 Memorandum Opinion and Order is plain and unambiguous. What the order could not do and did not attempt to do was: 1) apportion between the Woodward defendants and Oliverios the Rule 68 Judgment Amount which Woodward defendants obligated themselves to pay to McDougal prior to the Court's April 30, 2010 and 2) apportion attorneys fees and costs owed by Oliverio to Woodward under the terms of their July 2007 agreement as interpreted by the Court's decision.

It is apparent from the motion and response that the parties attempted to negotiate resolutions of their claims after the Court's April 30, 2010 Memorandum Opinion and Order. It is further apparent that they each had differing interpretations as to how the Court's April 30, 2010 Memorandum Opinion and Order may apply to the Rule 68 Judgment Amount and how it would apply to the yet unresolved issue of attorneys fees and costs.

It must be remembered that at the time the Court issued its Memorandum Opinion and Order the parties had already settled and had obtained dismissals of the McDougal claims: the Woodward defendants by their Rule 68 proffer of judgment and judgment ($60,000.00) and Oliverios' by their independent settlement agreement. The only issues left for the Court were the Woodward

defendants' third party claims (third party complaint) against Oliverios. It must also be remembered that at the time the Court issued its Memorandum Opinion and Order it had no way to know what the Woodward defendants were claiming as attorneys fees and costs attributable to the contractual obligation to provide or pay for the defense of the McDougal Claims and that is the reason the Court left DE 82 on the docket and scheduled the same for hearing on July 23, 2010.

Accordingly, the Court finds there is no problem with or clarification required of the Court's April 30, 2010 Memorandum Opinion and Order. Instead it appears there is a problem created by an attempt to impose an interpretation of the effect of that order on matters over which the Court had no control [the pre-decision settlements] and over which the Court had not yet ruled [attorneys fees and costs attributable to the July, 2007 contractual obligation to provide or pay for the defense of the McDougal Claims].

**Judgment**

October 14, 2009 Woodward defendants filed their offer to allow judgment in the sum of "$60,000.00, inclusive of any and all interest, expenses and costs accrued to the date of service hereof, including attorneys' fees" to be taken against the Woodward defendants by McDougal. [DE 67]. McDougal accepted the Rule 68 offer of judgment on the same day. [DE 68]. Pursuant to the accepted offer of judgment, on October 23, 2009 the Court entered an order of judgment against the Woodward defendants in favor of McDougal for the "sum of Sixty Thousand Dollars ($60,000.00), plus interest from and after October 14, 2009 a [sic] the legal rate, and that the costs of this action be taxed against Defendant ...." [DE 73]. On October 23, 2009 McDougal executed and filed a satisfaction of judgment representing "that the judgment, expenses and costs, including attorneys

fees, as agreed to in that accepted Offer of Judgment have been satisfied in full." [DE 81].

There is no evidence to suggest that Oliverios had any input into the settlement by proffer of judgment between the Woodward defendants and McDougal. There is no evidence that Oliverios agreed to the settlement by proffer of judgment between the Woodward defendants and McDougal or that Oliverios have since agreed to pay any part of the same. There is no evidence that the agreed offer of judgment was made in bad faith. To the contrary, there is evidence that Oliverios by counsel advised the Woodward defendants' counsel by letter that Oliverios did not have liability to McDougal beyond the July 17, 2007 agreement; that Woodward had an independent duty to comply with wage and hours laws on taking over the business on July 17, 2007; and that Oliverios considered the $60,000.00 offer of judgment to be only in behalf of the Woodward defendants; that Oliverios had negotiated a separate settlement with McDougal in their own behalf. [DE 100, Exhibit C].

The Woodward defendants were aware of the language of the July 17, 2007 agreement when they offered the $60,000.00 judgment to McDougal. Therefore, the Woodward defendants had the same plain and unambiguous language of the contract before them that the Court had when it reached its conclusion that the contract language as well as the doctrine of obstacle abstention barred recovery against Oliverios for FLSA and WPCA claims accruing post July 17, 2007. [DE 96, p. 15-17].

The Woodward defendants entry into the proffer of judgment to pay McDougal must be construed as their settlement of the McDougal claims against the Woodward defendants. The Court cannot speculate that they would have offered to pay McDougal more than what they were

4

responsible for under the plain language of the July 17, 2007, particularly when they were aware that Oliverios would not join in the proffer and were aware that Oliverios had negotiated their own settlement with McDougal.

It was with this understanding of the facts as shown by the docketed record and the plain language of the July 17, 2007 contract that this Court entered its April 30, 2010 Memorandum Opinion and Order. Accordingly, the Court's April 30, 2010 Memorandum Opinion and Order did not and cannot be construed to assign liability to Oliverios to pay any part of the $60,000.00 proffered judgment paid by Woodward to McDougal.

**Attorneys Fees and Costs**

The Court's Order of April 30, 2010 is neither vague or ambiguous with respect to attorneys fees and costs. It's language requires no clarification.

With respect to the contractual obligation to defend or pay for the defense of the McDougal FLSA and WPCA claims the following findings were included in the Order:

> The Court finds and concludes that: 1) McDougal's **filing** suit against Woodward et als under the FLSA and WPCA for sums due, including sums due up to the date of the contract closing (July 17, 2007), **triggered** Oliverios' obligation to provide or pay for Woodward's defense against those claims; 2) Woodward promptly **notified** Oliverios' of the pendency of the McDougal suit and sought defense and indemnification from Oliverios; 3) Oliverios' did not provide a defense and have not paid the Woodward's costs of defense; and 4) Oliverios' **duty** to provide or pay for Woodward's defense against McDougal's claims for sums due under FLSA and not paid in accord with WPCA up to and including the July 17, 2007 contract closing, **survives** the closing. (emphasis now added by the Court to assist the parties in understanding the plain language of the Court's findings).

The Decision portion of the Order provided:

> To the **extent** Defendants/Third Party Plaintiffs' Motion For Summary

5

Judgment [DE 82] **seeks Court determination that the July 17, 2007 contract requires** Oliverios to provide Woodward with a **defense or reimburse** Woodward for the defense made, said **Motion [DE 82] is GRANTED**. With respect to the **amount** Oliverios may be obligated to pay Woodward under the contractual promise to provide or pay for defense, **no evidence or facts** have been submitted. Accordingly, Defendants/Third Party Plaintiffs' Motion For Summary Judgment **[DE 82] shall remain on the docket of the Court** for determination of the amount, if any, that Oliverios owe Woodward under the **contractual obligation** to provide or pay for the defense of the McDougal claims. (emphasis now added by the Court to assist the parties in understanding the plain language of the Court's findings).

First, the Court's Order only dealt with the liability issue surrounding Oliverios' obligation to provide or pay for a defense of the Woodward Defendants against the McDougal claims.

Second, under a plain reading of the Order, Oliverios' obligation was triggered by McDougal filing suit but since Oliverios were not initially named in that suit, the triggered duty would not arise until Woodward put Oliverios on notice that the suit was filed and that a defense was required, to wit: September 28, 2008. [DE 96, p. 19].

Third, it is axiomatic under the Order that Oliverios contractual duty to provide the Woodward Defendants with a defense to the McDougal could not extend past Woodward's settlement of those claims with McDougal. [DE68]. Those claims ceased to exist on settlement.

Fourth, the Court's Order of April 30, 2010 did not address any fees or costs, if any, that might be due to any party to the litigation from the other under any theory other than the obligations created by the July, 2007 contract.

Fifth, it is axiomatic that the Court's Order of April 30, 2010 did not attempt to determine an amount owed for reasonably fair and necessary attorneys fees and costs associated with the defense of the McDougal claims under the July, 2007 contract because it did not have any factual

information to support such a finding.

Sixth, the Court still does not have any billing statement or other factual evidence limited to the time period covered by the July, 2007 contractual duty to provide or pay for a defense of the McDougal claims for use as a starting point in the process of deciding the limited issue now pending and deferred for future decision by the Court's April 30, 2010 Order.

This Court entered an Order dated May 18, 2010 scheduling certain matters leading up to a status conference on June 22, 2010 [DE 98]. By paperless order dated May 25, 2010 [DE 99] the Court changed the date and time of the status conference to July 23, 2010 at 9:00 am in order to accommodate the schedules of one or more counsel.

It is apparent to the Court that the DE 82 issues the Court's Order of April 30, 2010 recognized as unresolved are, in part, the same or similar issues raised in the Woodward Defendants' Motion [DE 97]. Accordingly, the remaining common issues under DE 82 and DE 97 are **ORDERED CONSOLIDATED.**

In the unlikely event that the parties are unable to resolve the attorneys fees and cost dispute issues that exist between them before July 23, 2010, in an effort to resolve all such issues, it is **ORDERED:**

1) that on or before June 21, 2010 the Woodward Defendants file and serve on opposing counsel an accounting of all fees and costs they claim under the July 2007 contract as interpreted by the Court's Order of April 30, 2010;

2) that on or before June 21, 2010 the parties file and serve on opposing counsel an accounting of all fees and costs they claim against the other under any other theory than the contract of

July 2007 as interpreted by the Court along with a memorandum of authority in support thereof;

3) that on or before July 2, 2010 the Oliverios file and serve on opposing counsel any objection they may have to the accounting of all fees and costs they claim under the July 2007 contract as interpreted by the Court's Order of April 30, 2010 filed by the Woodward Defendants;

4) that on or before July 3, 2010 the parties file and serve on opposing counsel any objection they may have to the accounting of all fees and costs claimed against them by the other party under any other theory than the contract of July 2007 as interpreted by the Court by June 21, 2010 along with a memorandum of authority in support thereof;

5) that no other memorandums will be permitted;

6) and that the parties and their Counsel appear before the Court on July 23, 2010 at 9:00 am for an evidentiary hearing and oral argument on the then remaining and unresolved issues with respect to the attorneys fees and costs claimed under the July 2007 contract as interpreted by the Court's Order of April 30, 2010 and on the then remaining and unresolved claims for attorney fees and costs under any other theory than the contract of July 2007 as interpreted by the Court's Order of April 30, 2010.

For docketing purposes, the Clerks shall retain DE 82 and DE 97 on the docket of motions actively pending as unresolved by the Court. To the extent DE 97 seeks clarification of the plain and unambiguous language of this Court's April 30, 2010 Order, additional findings with respect thereto and assessment of attorneys fees and costs based on the Bill of Costs and billing records of Robinson & McElwee, PLLC submitted with DE 97, the same is **DENIED** and said Bill of Costs and billing

records of Robinson & McElwee, PLLC are **STRICKEN** as being not properly segregated in accord with the Court's Order of April 30, 2010.

It is so **ORDERED.**

Dated: June 11, 2010

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE